**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **EMILE HERIVEAUX and CHITA ALIPERIO,**<br><br>　Plaintiffs,<br><br>　v.<br><br>**DURKIN & DURKIN LLC, M. MURPHY DURKIN, individually and as an agent of Durkin & Durkin LLC, and KEARNY BANK, f/k/a KEARNY FEDERAL SAVINGS BANK**<br><br>　Defendants. | Civ. No. 18-13148 (KM) (MAH)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

　　*Pro se* plaintiffs Emile Heriveaux and Chita Aliperio sued several entities in connection with a foreclosure proceeding on their property. Plaintiffs allege that while carrying out the foreclosure Defendants violated several state and federal laws, including the federal Fair Debt Collection Practices Act ("FDCPA"). By Opinion (DE 32) and Order (DE 33) dated January 30, 2020, I granted Defendants' motion for summary judgment.[1]

　　Plaintiffs then filed a MOTION TO REOPEN CASE, VACATE JAN. 30, 2020's ORDER, CONTINUE WITH DISCOVERY AND TRIAL WITH JURY DEMAND. ("Motion to Reopen", DE 34) The Motion to Reopen was referred to Magistrate Judge Michael A. Hammer, Jr. On May 7, 2020, Judge Hammer filed a Report and Recommendation ("R&R", DE 36) that the Motion to Reopen be denied. Plaintiffs filed an Objection (DE 38) and a Letter supplementing their Objection (DE 39). On June 3, 2020, Defendants filed a letter response. (DE 37)

　　I have reviewed the matter *de novo.* Familiarity with the matter, and in particular my summary judgment decision, is assumed. For the reasons stated

---

[1]　"DE ___" refers to the docket entry number in this case.

herein, Plaintiffs' Objections are rejected, and the Magistrate Judge's R&R is **ADOPTED and AFFIRMED**.

## ANALYSIS

### A. Standard of Review

Magistrate Judge Hammer construed the motion as dispositive, or potentially dispositive. He therefore did not decide the matter pursuant to his own jurisdiction, but filed a Report and Recommendation for consideration by the District Judge. (R&R 6 (citing *Perry v. Del. River Port Auth.,* 208 F. App'x 122, 125 n.3 (3d Cir. 2006)).

A report and recommendation on a dispositive issue requires plenary review by the district court:

> The product of a magistrate judge, following a referral of a dispositive matter, is often called a "report and recommendation." Parties "may serve and file specific written objections to the proposed findings and recommendations" within 14 days of being served with a copy of the magistrate judge's report and recommendation. Fed. R. Civ. P. 72(b)(2). If a party objects timely to a magistrate judge's report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

*Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99–100 (3d Cir. 2017).

Plaintiff have filed objections to the R&R. I therefore give the matter plenary, or *de novo*, review.

### B. Analysis

I agree in every respect with Judge Hammer's well-reasoned analysis. As he pointed out, the plaintiffs cited no authority or legal basis for their motion, but it is best viewed as a motion for relief from a final judgment under Fed. R. Civ. P. 60(b)((3) or (b)(6), and he cited the appropriate standards. (R&R 6–7)

Judge Hammer succinctly but thoroughly reviewed the relevant procedural history and the Court's reasoning in support of summary judgment.

The summary judgment motion, Judge Hammer wrote, was not untimely, as claimed. It was filed within the deadline set by his own scheduling order. (DE 23).

Judge Hammer rejected the plaintiffs' contention that their medical condition prevented them from responding adequately to the summary judgment motion. As he noted, the defendants consented to the plaintiffs' request for an extension of time to respond, which the court granted. They also assented to a stay of discovery. (R&R 2–3, 7–8) Plaintiffs did in fact respond energetically to the motion for summary judgment. (*See* memorandum and affidavit in opposition, DE 29 & 29-1) Even now, they do not point to any additional evidence or argument that they did not have the opportunity to present.

Judge Hammer invoked the need for finality, particularly where appellate correction is available, and found no unusual circumstances that would warrant reopening the Court's judgment. Courts both state and federal, he noted, had repeatedly found that Kearny had a right to foreclose and that the procedures had been correct. (R&R 8) These plaintiffs have repeatedly litigated the same contentions in multiple for a; any complaint that they were denied an adequate opportunity to do so rings particularly hollow.

I agree with Judge Hammer's reasoning, and I affirm his conclusions.

Plaintiffs' Objection (DE 38) does not so much challenge Judge Hammer's reasoning as it attempts to reargue the summary judgment motion. Plaintiffs challenge the assignments of the mortgage, demand to see the original note, claim the endorsement was fabricated, accuse Kearny of fraud, deny that Kearny had standing to foreclose, claim that the notice of intent to foreclose was defective, and so on. All of these contentions of course were available in opposition to summary judgment. More to the point, however, they *were* raised and decided, both in the underlying state foreclosure proceedings and in this action (as well as a prior federal-court action, the dismissal of which was

affirmed by the Third Circuit). My summary judgment opinion (DE 32) discussed and disposed of these issues and summarized the state court's prior rulings on these and similar matters. I perceive no error, but if there was error, the avenue of correction is by appeal. There is no injustice requiring that the judgment be reopened.

Plaintiffs' supplemental letter (DE 39) challenges the jurisdiction of the Magistrate Judge. The argument is difficult to follow. The many authorities cited seem to stand only for the unremarkable proposition that a void judgment has no effect. Plaintiffs seem to be saying that this was a *non*-dispositive matter, that the Magistrate Judge failed to decide it "promptly," and that the Magistrate Judge's decision was therefore a "usurpation of power," and void. I see no undue delay, and no authority for the proposition that such a delay, if it had occurred, would have been of jurisdictional significance.[2] At any rate, this was a dispositive matter, as to which the Magistrate Judge rendered a Report and Recommendation.

## CONCLUSION

For the reasons set forth above, the Motion to Reopen (DE 34) is **DENIED**, Plaintiffs' Objections are rejected and the Magistrate Judge's R&R (DE 36) is **ADOPTED and AFFIRMED** as the decision of this Court.

Dated: July 16, 2020

/s/ Kevin McNulty

**Hon. Kevin McNulty**
**United States District Judge**

---

[2] The summary judgment order was filed on January 30, 2020. Plaintiffs' Motion to Reopen was not filed until March 2, 2020. (DE 34) Defendants' brief in opposition was filed on March 23, 2020. (DE 35) Magistrate Judge Hammer filed his R&R on May 19, 2020. Even setting aside the COVID-19 crisis, I see no undue delay.